UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN N.S. CHEUNG, INC.

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO.  C04-2050RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Partial Dismissal. (Dkt. #12). Defendant argues that paragraphs 14 and 15 of plaintiff's complaint should be dismissed, as well as paragraph 3 under plaintiff's prayer for relief clause, on the ground that Cheung, Inc. may not challenge, either directly or indirectly, the validity of the tax assessment upon Mr. Cheung, which underlies the levy at issue, pursuant to 26 U.S.C. §7426(c).

Plaintiff answers that it is not asking the Court to review the tax assessment in contravention of 26 U.S.C. §7426(c). (Dkt. #13).[1] Alternatively, plaintiff argues that

---

[1] The Court notes that plaintiff titled its response to defendant's motion for partial dismissal Plaintiff's Memorandum in Opposition to Motion for Partial Dismissal and Motion for More Definite

ORDER
PAGE - 1

1  defendant's motion is really a motion to strike under Rule12(f) of the Federal Rules of Civil

2  Procedure because defendant is seeking to excise certain portions of the complaint.

3      For the reasons set forth below, the Court GRANTS defendant's motion for partial

4  dismissal IN PART, and DENIES defendant's motion IN PART.

## II.  DISCUSSION.

**A.  Background**

Plaintiff, Steven N.S. Cheung, Inc. ("Cheung, Inc."), is a Washington Corporation. Cheung, Inc. is distinguished from the individual, Steven N.S. Cheung ("Mr. Cheung"), who is a citizen of the United States. (Dkt. #1 at 2).

In late January of 2003, the United States issued a jeopardy assessment[2] against Mr. Cheung for income tax liability for the calendar year 1993. (Dkt. #1 at 2). The total amount is in dispute, but Cheung, Inc. alleges that the United States assessed $1,466,918.00 upon Mr. Cheung. (Dkt. #1 at 2). Over the course of the next few months, the United States levied property of Cheung, Inc., on the grounds that Cheung, Inc. is the alter ego/nominee of Mr. Cheung, and that Mr. Cheung is the beneficial owner of Cheung, Inc. (Dkts. #1 at 2 and #12 at 2). Cheung, Inc. alleges that the total amount levied was $1,466,918.00. (Dkt. #1 at 2). Cheung, Inc. maintains that Mr. Cheung is not a shareholder of Cheung, Inc., and that Mr. Cheung has no ownership interest in the property seized by the United States. (Dkt. #1 at 2).

Cheung, Inc. subsequently filed a request for an administrative hearing for the unlawful seizure of its property on October 31, 2003. (Dkt. #1 at 2). However, the United States denied that request, asserting that Cheung, Inc. had no right to any administrative hearings. (Dkt. #7 at

---

Statement. (Dkt. #13). However, plaintiff did not present any arguments pertaining to its request for a more definite statement within its memorandum, and therefore this Court will not address that issue.

[2] Under the Internal Revenue Code, if the government (acting through the Secretary of Treasury) believes that the collection of a tax will be jeopardized by delay, the Secretary can immediately assess such deficiency.  26 U.S.C. §6861(a).

3). As a result, Cheung, Inc. filed this wrongful levy suit on September 29, 2004 in order to recover its property pursuant to 26 U.S.C. §7426. In its complaint, Cheung, Inc. also requests that the United States "cease abusing its discretion," and review Mr. Cheung's amortization declaration of 1993. (Dkt. #1 at 3). Cheung, Inc. claims that a review of such declaration would have totally eliminated the alleged unreported taxable income on which the United State based its levy. (Dkt. #1 at 3). The United States now moves to dismiss that specific claim.

**B. Wrongful Levy Suit Under 26 U.S.C. §7426**

Defendant argues that the Court lacks jurisdiction to review the 1993 tax assessment upon Mr. Cheung pursuant to 26 U.S.C. §7426(c).[3] Specifically, defendant argues that a plaintiff in a wrongful levy suit may not make a collateral attack on tax liabilities underlying the levy.

In a wrongful levy suit, "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." 26 U.S.C. §7426(c). Moreover, one who sues under section 7426 cannot challenge the validity of the assessment. *See Shannon v. United States*, 521 F.2d 57, 59 (9th Cir. 1975) (holding that one who has been assessed as a transferee cannot argue that the assessment was not made against her).

In the instant case, plaintiff is not asking this Court to review the tax liabilities imposed on Mr. Cheung which underlies the alleged wrongful levy, but rather asserts that defendant's failure to grant plaintiff a hearing to consider Mr. Cheung's amortization declaration is an abuse of discretion by defendant. Therefore, *Shannon* is inapposite to the case at bar, and paragraphs 14 and 15 of plaintiff's complaint should not be dismissed because they are facts alleged by the plaintiff which contribute to its wrongful levy claim.

---

[3] Although defendant does not specify the statutory basis of its motion for dismissal in the motion itself, defendant does not state that the complaint should be dismissed in part for lack of jurisdiction. (Dkt. #12 at 3). In addition, it alleges in its answer to plaintiff's complaint that lack of subject matter jurisdiction to determine the tax liability of Mr. Cheung is its first defense. (Dkt. #7 at 1).

ORDER
PAGE - 3

However, section 7426 expressly provides that a district court has jurisdiction to grant only two forms of relief. 26 U.S.C. §7426(b). First, "if a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale." 26 U.S.C. §7426(b)(1). Second, a court may also "(A) order the return of specific property if the United States is in possession of such property; (B) grant a judgment for the amount of money levied upon; or (C) if such property was sold, grant a judgment for a [certain] amount." 26 U.S.C. §7426(b)(2)(A)-(C). As a result, this Court does not have jurisdiction to issue an order requiring the Government to "stop abusing its discretion and conduct a proper administrative review," thereby making paragraph 3 of the prayer for relief clause of plaintiff's complaint improper. (Dkts. #1 at 3 and #13 at 3). *See e.g., Winebrenner v. United States*, 924 F.2d 851 (9th Cir. 1991) (holding that the enactment of section 7426 precludes claims to quiet title, or general damages, or actions against the individual director of the IRS), *overruled on other grounds by United States v. Williams*, 514 U.S. 527 (1995). Accordingly, paragraph 3 of plaintiff's prayer for relief clause is dismissed.

**C. Motion to Strike**

Plaintiff has argued that defendant's motion to dismiss is really an untimely motion to strike. Even if defendant's motion is an untimely, baseless, and improper motion to strike as plaintiff suggests, the Court can strike paragraph 3 of plaintiff's prayer for relief clause on its own motion. Rule 12(f) specifically authorizes the court to strike a pleading or any portion thereof *sua sponte*, at any time. F.R.C.P. 12(f) (providing that a court may strike a portion of a pleading "upon the court's initiative at any time"); *see also Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) (explaining that "[i]n effect, the Court's discretion renders the twenty day rule essentially unimportant").

Therefore the Court could strike paragraph 3 because of lack of subject matter

jurisdiction on its own accord regardless of whether defendant properly raised the issue in a motion to dismiss or motion to strike. Accordingly, it is not necessary to address plaintiff's alternative arguments.

### III. CONCLUSION

Having reviewed defendant's motion for partial dismissal (Dkt. #12), plaintiff's opposition (Dkt. #13), and defendant's reply (Dkt. #14), the Court hereby GRANTS IN PART defendant's motion for partial dismissal, and dismisses paragraph 3 of plaintiff's prayer for relief clause in its complaint. The Court DENIES defendant's motion for partial dismissal IN PART in that it declines to dismiss paragraph 14 and 15 of plaintiff's complaint.

DATED this _28_ day of June, 2005.

/s/ Ricardo S. Martinez_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE