UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN N.S. CHEUNG, INC., <br><br>  Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>  Defendant. | CASE NO. C04-2050RSM <br><br> ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR PROTECTIVE ORDER |

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion to Compel Production of Documents and plaintiff's Cross-Motion for Protective Order. (Dkts. #16 and #19). Defendant argues that this Court should require plaintiff to produce certain financial documents in response to its First Set of Requests for Production of Documents without also allowing plaintiff to produce such records under a Protection Order. Defendant also argues that plaintiff's objections to Requests for Production of Documents Nos. 7 and 8, on the basis that the requests are overbroad, vague or burdensome, should be rejected and production should be compelled. Plaintiff asserts that it does not oppose production of the documents as long as a Protection Order is issued.

ORDER
PAGE - 1

For the reasons set forth below, the Court GRANTS defendant's motion to compel, and DENIES plaintiff's motion for a protective order.

## II. DISCUSSION

**A. Background**

Plaintiff, Steven N.S. Cheung, Inc., is a Washington State corporation. It is to be distinguished from the individual, Steven N.S. Cheung, who is a citizen of the United States, and co-defendant in a concurrent criminal action being litigated in this Court.

In late January of 2003, the United States issued a jeopardy assessment against Mr. Cheung for income tax liability for the calendar year 1993.[1] (Dkt. #1 at 2). The actual amount of the assessment is in dispute, but plaintiff alleges that the United States assessed $1,466,918.00 upon Mr. Cheung. (Dkt. #1 at 2). Defendant then levied property of plaintiff, in the same amount, on the grounds that it is the alter ego, or nominee, of Mr. Cheung, and that Mr. Cheung is the beneficial owner of Cheung, Inc. (Dkts. #1 at 2 and #12 at 2). Plaintiff maintains that Mr. Cheung is not a shareholder of the company, and that Mr. Cheung has no ownership interest in the property seized by the United States. (Dkt. #1 at 2).

Plaintiff subsequently filed a request for an administrative hearing for the unlawful seizure of its property on October 31, 2003. (Dkt. #1 at 2). However, the United States denied that request, asserting that Cheung, Inc. had no right to any administrative hearings. (Dkt. #7 at 3). As a result, plaintiff filed this wrongful levy suit.

**B. Motion to Compel and Cross-Motion for Protective Order**

Defendant moves for an Order to compel the production of certain documents for two reasons. First, defendant argues that plaintiff has not shown good cause for the entry of a Protective Order in this case, and therefore, the Court should compel the production of the

---

[1] If the government believes that the collection of tax will be jeopardized by delay, the Secretary of Treasury can immediately assess such deficiency. 26 U.S.C. §6861(a). This is known as a jeopardy assessment.

ORDER
PAGE - 2

documents requested in its First Set of Requests for Production of Documents Nos. 2-6 and 10-13. Second, defendant argues that the Court should compel the production of the documents listed in its First Set of Requests for Production of Documents Nos. 7 and 8, to which plaintiff has objected on the basis that the request is overbroad, vague or burdensome, because plaintiff has provided no explanation for its objection. The Court addresses each argument separately.

*1. Requests for Production Nos. 7 and 8*

Plaintiff has failed to respond to defendant's motion in regard to Requests for Production Nos. 7 and 8. This District's local rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Because plaintiff has provided no argument in opposition to defendant's motion to compel the production of these documents, and has provided no explanation to the Court as to why the request is overbroad or vague, or why such production would be unduly burdensome, the Court grants defendant's motion, and compels plaintiff to produce the documents requested in the First Set of Requests for Production of Documents Nos. 7 and 8.

*2. Requests for Production Nos. 2-6 and 10-13 and Entry of Protective Order*

Defendant argues that plaintiff "refuses to produce any documents to requests for production 2-6 and 10-13 unless the United States agrees to its demand for a protective order keeping them confidential." (Dkt. #16 at 3). Plaintiff responds that this mischaracterizes its position. Plaintiff explicitly recognizes that the request is warranted, and does not seek to limit the use of those documents in this litigation. (Dkt. #19 at 4). However, plaintiff argues that it has good cause for the entry of a protective order and, therefore, has not produced the requested documents. Plaintiff now asks the Court to enter its proposed Protective Order, and then agrees to produce the requested documents.

The Federal Rules of Civil Procedure allow this Court to grant a motion for a protective

order when, *inter alia*, good cause has been shown. Fed. R. Cic. P. 26(c). However, the Court finds that plaintiff has failed to show good cause. Plaintiff argues that it will be prejudiced if it is forced to produce certain financial and other business documents without a Protective Order. Specifically, plaintiff notes that many of the requested documents are commercial and business sensitive in nature. Plaintiff also argues that defendant will not be prejudiced by the entry of a Protective Order because they could show the documents to witnesses and there would be no limits on their use in this case.

Plaintiff's arguments are misguided for several reasons. Good cause is established where it is specifically demonstrated that disclosure will cause a specific prejudice or harm. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-12 (9th Cir. 2002). While plaintiff argues that release of its financial information would have an adverse effect on its ability to compete in the Washington real estate market, it has provided no specific example of such harm. Instead, plaintiff speculates as to how a possible competitor could use its financial information to discern the company's strengths and weaknesses and possibly outbid it on prospective real estate properties. (Dkt. #19, Dec. of Art Circo).

Plaintiff also erroneously argues that any competitor could obtain this information simply by making a Freedom of Information Act ("FOIA") request, or by coming to the Courthouse and making copies from the case file. This argument is incorrect in three respects. First, documents produced during discovery do not necessarily become part of the case record. As plaintiff itself noted, documents do not become a part of the record until they are submitted in support of a dispositive motion, or until they are entered as exhibits during a trial. Thus, many of the documents produced may never become part of the record. Second, this Court's Local Rules require the redaction of certain sensitive financial information before a document is made part of the public record. Finally, FOIA has an exception that allows the government to withhold documents containing trade secrets or other confidential information that likely would

ORDER
PAGE - 4

cause "substantial competitive harm" if released. *See Lion Raisins v. U.S. Dept. of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004).

For all of these reasons, the Court finds that plaintiff has not demonstrated good cause, and declines to enter a Protective Order. Accordingly, the Court compels plaintiff to produce the documents requested in the First Set of Requests for Production of Documents Nos. 2-6 and 10-13.

### III. CONCLUSION

Having reviewed defendant's motion to compel (Dkt. #16), plaintiff's response and cross-motion for a protective order (Dkt. #19), defendant's reply (Dkt. #22), and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiff's Cross-Motion for a Protective Order (Dkt. #19) is DENIED.

(2) Defendant's Motion to Compel (Dkt. #16) is GRANTED and the Court compels plaintiff to produce the documents requested in the First Set of Requests for Production of Documents Nos. 2-8 and 10-13 no later than ten (10) days from the date of this Order.

DATED this 28th day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE