UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN N.S. CHEUNG, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. C04-2050RSM

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR SUMMARY
JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant's Motion for Partial Summary Judgment asking the Court to reduce plaintiff's claim by $441,378.00.[1]  (Dkt. #31).  Defendant argues that plaintiff does not have standing to recover $69,365 seized from the personal accounts of Mr. Steven Cheung, and that this Court lacks subject matter jurisdiction with respect to a payment of $372,013.00 because that payment was made voluntarily by plaintiff before any levy was issued.  Plaintiff concedes that payments seized from the personal accounts

_____

[1] The Court also addresses plaintiff's Motion to Supplement the Record on the instant motion. (Dkt. #49).

ORDER
PAGE - 1

of Mr. Cheung in the amount of $69,365 are not recoverable in this action.[2]  (Dkt. #33 at 1 n. 1).  However, plaintiff argues that there is a genuine issue of material fact as to whether the payment in the amount of $372,013.00 was made voluntarily, and therefore opposes summary judgment on that issue.

For the reasons set forth below, the Court agrees with plaintiff and GRANTS defendant's motion IN PART and DENIES defendant's motion IN PART.

## II.  DISCUSSION

### A. Background

Plaintiff, Steven N.S. Cheung, Inc., is a Washington State corporation.  It is to be distinguished from the individual, Steven N.S. Cheung, who is a citizen of the United States, and co-defendant in a concurrent criminal action being litigated in this Court.

In late January of 2003, the United States issued a jeopardy assessment against Mr. Cheung for income tax liability for the calendar year 1993.[3]  (Dkt. #1 at 2).  The actual amount of the assessment appears to be in dispute, but plaintiff alleges that the United States assessed $1,466,918.00 upon Mr. Cheung.  (Dkt. #1 at 2).  Defendant then levied property of plaintiff, on the grounds that it is the alter ego, or nominee, of Mr. Cheung, and that Mr. Cheung is the beneficial owner of Cheung, Inc.[4]

After defendant had levied funds from accounts at Bank of America and Salomon Smith Barney ("Smith Barney"), plaintiff requested a final payoff amount for Mr. Cheung's tax debt.

---

[2] By the Court's calculation, the amounts conceded by plaintiff actually total $69,768.88.  (Dkt. #33 at 3) (conceding payments on April 11, 2003, in the amounts of $69,240.46 and $393.91, and payments on April 22, 2003, in the amounts of $9.13 and $125.38).

[3] If the government believes that the collection of a tax will be jeopardized by delay, the Secretary of Treasury can immediately assess such deficiency.  26 U.S.C. §6861(a).  This is known as a jeopardy assessment.

[4] The property included funds from a Bank of America account and several Salomon Smith Barney accounts.

ORDER
PAGE - 2

The IRS responded, and plaintiff then issued a check, at the same time requesting that the IRS release any liens against plaintiff. The IRS revenue officer in charge of Mr. Cheung's case later informed plaintiff that the IRS had failed to record any tax liens in the name of "Cheung, Inc" due to a "glitch" in the system. He also apparently indicated that he made a personal judgment call not to correct the error since payment was being made to satisfy the levy.

Plaintiff filed a request for an administrative hearing for the unlawful seizure of its property on October 31, 2003. (Dkt. #1 at 2). However, the United States denied that request, asserting that Cheung, Inc. had no right to any administrative hearings. (Dkt. #7 at 3). As a result, plaintiff filed this wrongful levy suit.

Defendant moves for partial summary judgment in part on the basis that this Court lacks jurisdiction over it with respect to payments made voluntarily. Specifically, defendant notes that 26 U.S.C. § 7426, the statute under which the instant action was brought, does not permit a third party to seek recovery of funds that were voluntarily paid to the IRS in anticipation of a levy. Defendant asserts that plaintiff's last payment in satisfaction of the outstanding tax liability of Mr. Cheung was voluntary because no levy for that payment had been issued at the time it was made.

**B. Motion to Supplement the Record**

As a threshold matter, this Court first addresses plaintiff's motion to supplement the record. (Dkt. #49). Plaintiff has moved pursuant to Rule 56(e) of the Federal Rules of Civil Procedure to supplement the instant record with portions of the deposition of Revenue Officer Michael Kolpack. The deposition was taken after briefing on the instant motion had been completed, but certain portions of Mr. Kolpack's testimony are directly relevant to the issues now before this Court.

Defendant argues that the motion to supplement should be denied because plaintiff failed to file a Rule 56(f) motion for a continuance to take Mr. Kolpack's deposition, and also because

ORDER
PAGE - 3

the testimony is irrelevant. The Court is not persuaded.

Rule 56(f) does not apply to plaintiff's motion to supplement. That Rule governs requests for discovery in order to adequately respond to a motion for summary judgment. Here, plaintiff made no such representation. Rather, plaintiff asserts that new facts have come to light and the Court would benefit from having the most complete record available to it when resolving the instant motion for summary judgment. The Court agrees.

Accordingly, the Court will consider the deposition testimony, along with defendant's substantive argument that it is irrelevant, when considering the motion for summary judgment.

**C. Motions to Strike**

Both plaintiff and defendant have moved to strike portions of the declarations in support of each other's briefs. The Court addresses each in turn.

*1. Plaintiff's Motion to Strike*

Plaintiff moves to strike the Declaration of W. Carl Hankla that was submitted in support of the instant motion for partial summary judgment. Plaintiff argues that the declaration does not comply with Rule 56(e) because it is not clear that Mr. Hankla is competent to testify to the matters therein, or that he has personal knowledge of the facts stated therein. The Court denies the motion to strike on the basis that Mr. Hankla's declaration does nothing more than authenticate documents from the IRS administrative file he has in his possession, and plaintiff does not dispute such authenticity.

*2. Defendant's Motion to Strike*

Defendant moves to strike the Declaration of William P. Shanahan that was submitted in support of plaintiff's opposition to the motion for summary judgment to the extent that Mr. Shanahan asserts that the payment made in the amount of $372,103 was made "pursuant to a levy." The Court denies the motion to strike on the basis that it is not necessary to strike Mr. Shanahan's statements in order for this Court to determine which facts are disputed or to

ORDER
PAGE - 4

1   properly consider what evidence is admissible to demonstrate such a dispute.

2       **D.  Summary Judgment Standard**

3       Summary judgment is proper where "the pleadings, depositions, answers to

4   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

5   genuine issue as to any material fact and that the moving party is entitled to judgment as a

6   matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247

7   (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

8   *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

9   512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a

10   genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or

11   the bald assertion that a genuine issue of material fact exists, no longer precludes the use of

12   summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*

13   *Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

14       Genuine factual issues are those for which the evidence is such that "a reasonable jury

15   could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are

16   those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on

17   summary judgment, a court does not weigh evidence to determine the truth of the matter, but

18   "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc*., 41 F.3d

19   547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore,

20   conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat

21   summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345

22   (9th Cir. 1995).  Similarly, hearsay evidence may not be considered in deciding whether material

23   facts are at issue in summary judgment motions.  *Anheuser-Busch, Inc. v. Natural Beverage*

24   *Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d

25   665, 667 (9th Cir. 1980).

26

ORDER
PAGE - 5

**E.  Plaintiff's Conceded Claim**

Plaintiff does not oppose defendant's motion for summary judgment as to the payments collected by the IRS that resulted from the levies on Mr. Cheung's personal accounts.  As noted above, by the Court's calculation, the amounts conceded by plaintiff total $69,768.88.  (Dkt. #33 at 3) (conceding payments on April 11, 2003 in the amounts of $69,240.46 and $393.91, and payments on April 22, 2003, in the amounts of $9.13 and $125.38).  Accordingly, the Court will grant summary judgment in favor of defendant on this issue.

**F.  Jurisdiction to Recover Voluntary Payment**

Defendant next argues that this Court lacks subject matter jurisdiction with respect to the payment of $372,013.00 made by plaintiff in May 2003 to satisfy the outstanding tax liability of Mr. Cheung.  Defendant asserts that the payment was made voluntarily because no levy had been issued at the time that amount was paid.

Plaintiff responds that a levy did exist, or, in the alternative, a genuine issue of material fact exists as to whether the payment was made voluntarily or pursuant to a levy.  As further discussed below, the Court agrees.

When the IRS levies a plaintiff's property to pay the tax liabilities of a third party, the exclusive remedy for such plaintiff is a wrongful levy action under 26 U.S.C. § 7426(a). *Denham v. United States*, 811 F. Supp. 497, 500 (C.D. Cal. 1992).  "To bring a lawful levy suit, Plaintiff must show that there was a levy." *Id.* (citation omitted).

Defendant argues that when plaintiff gave the IRS a payoff check for $372,013.00 in May 2003, the levies on plaintiff's accounts at the Bank of America and Smith Barney had already occurred, and the IRS had not served any additional notices of levy.  Accordingly, defendant asserts that the payment was made voluntarily, and this case lacks jurisdiction. Defendant relies on *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir. 1986), *cert. denied*, 475 U.S. 1081 (1986), wherein the court determined that the threat of levy

ORDER
PAGE - 6

combined with a voluntary payment was not a constructive levy of the property at issue, and therefore, the court had no jurisdiction.

However, the Ninth Circuit Court of Appeals has distinguished that case from instances where there is a notice of levy. *See Denham*, 811 F. Supp. at 500-01. In *Denham*, the court explicitly stated that a "levy may be made by means of a notice of levy."[5] *Id.* at 500 (citation omitted). In the instance case, plaintiff has produced a Notice of Jeopardy Levy and Right of Appeal to plaintiff as nominee of Mr. Cheung on February 5, 2003. (Dkt. #51, Ex. A). The letter states that the IRS has approved the issuance of a levy to collect the amount "you owe." (Dkt. #51, Ex. A at 1). The letter appears to apply to all property owned by plaintiff, and does not distinguish the specific accounts at Bank of American and Smith Barney. The letter also states that the references in the letter to notices of intent to levy do not apply "because *such notice is not required when collection is in jeopardy*." (Dkt. #51, Ex. A at 2) (emphasis added). Plaintiff also produces testimony from Mr. Kolpack that he told plaintiff unless it came up with a voluntary plan, he would use any and all means available to locate sources of income and interest in assets to levy against them. (Dkt. #50, Ex. B at 140).[6]

Without citing to any authority, defendant responds that the Notice of Jeopardy Levy does not constitute an actual levy on the assets of the plaintiff as it is just a notice of the issuance of a levy on Bank of America. (Dkt. #60 at 3 n. 2). Notwithstanding the fact that the notice does not refer to any specific property, based on the Ninth Circuit's explicit statement that levy may be made by means of a notice of levy, in *Denham*, *supra*, that argument is without merit. *Denham*, 811 F. Supp. At 500; *see also United Pacific Insurance Co. v. United States*, 320 F. Supp. 450, 451 (D. Ore. 1970) (finding that notice of lien was equivalent to notice of levy

---

[5] The court then explained that because the IRS had not issued a notice of levy, and because plaintiff had failed to demonstrate a constructive levy, the court had no jurisdiction.

[6] The Court cites to the deposition page number of Mr. Kolpack located in the upper right hand corner of the deposition transcript.

ORDER
PAGE - 7

because the IRS accompanied the notice of lien with a letter headed "Tax Levy.") Accordingly, the Court finds jurisdiction in this case, and denies defendant's motion for summary judgment on that issue.

### III. CONCLUSION

Having reviewed defendant's motion for partial summary judgment, plaintiff's response and motion to supplement the record, defendant's reply and opposition to the motion to supplement, and the remainder of the record, the Court hereby ORDERS:

(1)  Plaintiff's Motion to Supplement (Dkt. #49) is GRANTED.

(2)  Defendant's Motion for Partial Summary Judgment (Dkt. #31) is GRANTED IN PART and DENIED IN PART as follows:

a.  The Court GRANTS summary judgment in favor of defendant with respect to its argument that plaintiff does not have standing to recover funds that were levied from Mr. Cheung's personal accounts.

b.  The Court denies summary judgment with respect to its argument that this Court lacks jurisdiction over the payment made by plaintiff in the amount of $372,013.00.

(3)  The Clerk shall send a copy of this Order to all counsel of record.

DATED this 28th day of July, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8