UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN N.S. CHEUNG, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. C04-2050RSM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant's Motion for Reconsideration. (Dkt. #84). Defendant asks the Court to reconsider its previous Order granting in part and denying in part its motion for summary judgment. Defendant argues that this Court improperly determined that there exists a genuine issue of material fact as to whether plaintiff's payment in the amount of $372,013.00 was made voluntarily because the Court "misapprehended" the IRS's Pattern Letter 2439(P) for a Form 668-A. (Dkt. #84 at 1).

The Court directed plaintiff to file a response to the motion, and it has filed such response. (Dkt. #88). This matter is now ripe for review. Having reviewed defendant's motion for reconsideration, plaintiff's response, and the remainder of the record, this Court hereby finds and ORDERS:

(1) Defendant's Motion for Reconsideration (Dkt. #84) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in

ORDER
PAGE - 1

the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).

In its motion for reconsideration, defendant argues that this Court erroneously determined that plaintiff had made its payment pursuant to a notice of levy, when in fact, the Pattern Letter 2439(P) is not a notice of levy but a notice of appeal rights following a jeopardy levy. The Court does not find this argument persuasive. First, defendant has failed to demonstrate why this argument could not have been raised with reasonable diligence on its motion for summary judgment. In response to defendant's summary judgment motion, plaintiff produced the IRS "Notice of Jeopardy Levy and Right of Appeal" upon which it, and subsequently this Court, relied; yet defendant failed to make its "improper form" argument in its reply. This Court is not required to consider the argument for the first time on the instant motion for reconsideration. *Christie v. Iopa*, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999). Furthermore, defendant's argument is not supported by new legal authority or facts previously unknown or undiscoverable.

Second, even if the Court considered defendant's new argument, the Court agrees with plaintiff that whether notice of levy occurred does not always turn on which form was used. *See Schiff v. Simon & Shuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985). In rejecting a similar argument to defendant's, the Second Circuit Court of Appeals explained in *Schiff*:

> Appellant contends that the IRS, by using a 'Notice of Levy' form rather than a 'Levy' form, did not properly make a levy upon his property; therefore, Schiff asserts, Simon & Schuster was entitled to disregard the notice of levy and was even barred from complying with its demands. This argument is absolutely meritless. Appellant ignores 26 U.S.C. § 6331(b), which states that '[t]he term "levy" . . . includes the power of distraint and seizure *by any means*.' It is well established that a '[l]evy on property in the hands of a third party is made by serving a notice of levy on the third party.' The Treasury Regulations expressly provide that a '[l]evy may be made by serving a *notice of levy* on any person in possession of, or obligated with respect to, property or rights of property subject to levy . . . '

*Schiff*, 780 F.2d at 212. Here, the document served on plaintiff was entitled "Notice of

ORDER
PAGE - 2

Jeopardy Levy and Right of Appeal." That letter specifically states:

> As required by Section 6331 of the Internal Revenue Code (IRC), I am notifying you that . . . I have approved the issuance of a levy to collect the amount you owe, although we have not provided you a notice of intent to levy generally required . . . because such notice is not required when collection is in jeopardy.

(Dkt. #51, Ex. A at 1-2). Thus, the Court finds *Schiff's* reasoning persuasive in this situation.

Accordingly, the Court declines to reconsider its previous Order.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 11 day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE