Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN N.S. CHEUNG INC., a Washington corporation,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. CV04-2050 RSM

PLAINTIFF'S ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER AND JUDGMENT

Plaintiff Steven N.S. Cheung Inc. (the "Company"), through its counsel of record, Preston Gates & Ellis LLP, proposes these Additional Findings of Fact and Conclusions of Law:

THIS MATTER was tried to the Court, without a jury, from September 25, 2006 to September 27, 2006. Supplemental post-trial testimony was taken on September 28, 2006. The undersigned judge presided at the trial. The claims presented at trial for adjudication were as follows:

    1.    The Company's claim that, under 26 U.S.C. § 7426, the IRS wrongfully levied upon the Company's checking account at Bank of America.

PLAINTIFF'S PROPOSED ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER AND JUDGMENT - 1
Case No. CV04-2050 RSM
K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

  2. The Company's claim that, under 26 U.S.C. § 7426, the IRS wrongfully levied upon the Company's investment account at Salomon Smith Barney ("Smith Barney").

  3. The Company's claim that, under 26 U.S.C. § 7426, the IRS wrongfully levied upon a check that was sent to the IRS by William P. Shannahan, the Company's counsel.[1]

  The Company appeared at the trial through its representative, Cecile Cheung, and its attorneys of record, David J. Lenci and Michael K. Ryan. The Government appeared at trial through its attorneys of record, W. Carl Hankla and Justin S. Kim of the U.S. Department of Justice.

  The witnesses who testified at the trial were: Janet Freeman, Mary "Molly" Mahoney, Michael Kolpack, Cecile Cheung, Amy Albee, Paul Nicholson, Lawrence Henshaw, Karin Beard, Cheryl Roberts and Grace Park. The testimony of Ronald Cheung was submitted by deposition, with both sides making designations of testimony for the Court's consideration.

  The exhibits, which were offered, admitted into evidence, and considered by the Court, are set forth in the list attached as Exhibit A.

  By agreement of the parties and with the permission of the Court, the defendant Government went first, and put on its evidence on the issue of "nexus" between the taxpayer and the levied upon property. The Government has the burden of persuasion on that issue. At the conclusion of the Government's evidence on September 27, 2006, the Plaintiff moved for judgment on partial findings, pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. Hearing argument on the motion and considering the evidence presented to that point in the

---

[1] The Company's claims, pursuant to 26 U.S.C. § 7426(h), that Government and IRS officials acted intentionally, recklessly, and/or negligently in conducting one or more of the above levies and the Company's claims, pursuant to 26 U.S.C. § 7430, that the Government's conduct in connection with one or more of the levies, or its litigation position, was not substantially justified are reserved for post-judgment proceedings.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 2
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

trial, the Court granted the motion and made certain oral findings on the record. A transcript of the Courts oral findings (pages 134-158 of 9/27/06 trial transcript) is attached hereto as Exhibit B and its oral findings are incorporated herein.[2]

So as to make the record of the decision in this case complete, the Court hereby makes the following additional findings of fact, to augment its oral findings reflected in Exhibit B.

**ADDITIONAL FINDINGS OF FACT**

1. Plaintiff, Steven N. S. Cheung, Inc., was formed on July 5, 1977 by Dr. Steven Cheung ("Dr. Cheung"), an economics professor and consultant.

2. At the time of its formation, Dr. Cheung was the sole shareholder, President, Treasurer and Director of the Company.

3. Dr. Cheung held 100 shares of stock of the Company at its formation, which was all the stock that was ever issued.

4. The Company has been a registered and licensed Washington State corporation each year since the date of its original incorporation in 1977 to date.

5. On July 1, 1994, Dr. Cheung transferred 49 of his shares in the Company to Linda Su, Ronald Cheung, and Cecile Cheung as joint tenants with right of survivorship. The purchase price was $490.00 in exchange for 49 shares. (Ex. 8)

6. On August 1, 1995, Dr. Cheung transferred 49 of his shares in the Company to Linda Su, Ronald Cheung, and Cecile Cheung as joint tenants with right of survivorship. The purchase price for these 49 shares was $490.00. (Ex. 9)

---

[2] On September 28, 2006, the Court heard the testimony of William Shannahan, proffered by Plaintiff in connection with anticipated post judgment proceedings to determine whether the Government has any additional financial liability to the plaintiffs, pursuant to 26 U.S.C. § 7426(h) or 26 U.S.C. § 7430, or both. In addition, the Court admitted the following Exhibits at that time: Ex. 51, Ex. 53, Ex. 84, and Ex. 188. That testimony and those exhibits were not a part of the principal trial nor are they encompassed by these Findings and Conclusions on the "nexus" issue.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 3
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

7.  As of the effective date of the August 1, 1995 share transfer, the stock ownership of the Company was apportioned as follows: Steven N. S. Cheung - 2%; Linda Su, Cecile Cheung and Ronald Cheung (jointly) 98%.

8.  The transfer of the ownership of the Company to Linda Su, Ronald Cheung and Cecile Cheung was a bona fide transfer by Dr. Cheung to other members of his family.

9.  At the May 16, 1996 annual meeting of directors and shareholders of the Company, the following officers were elected: President: Linda Su; Vice President: Cecile Cheung: Secretary & Treasurer: Ronald Cheung. (Ex. 17)

10. In addition, at the May 16, 1996 annual meeting, the following individuals were named to the Company's Board of Directors: Linda Su, Ronald Cheung, Cecile Cheung. (Ex. 17)

11. At a meeting of shareholders and directors of the Company on November 1, 2002, Arthur Circo was elected Secretary of the Company and Annie Su was elected as a director of the Company. (Ex. 22)

12. As of May 1996 to the present, Dr. Cheung has not held an officer's position or been on the Board of Directors of the Company or any of its subsidiaries.

13. As of May 1996 to the present, the Company's minutes do not reflect Dr. Cheung's participation in any corporate meetings or decisions.

14. Article IX of the Company Bylaws provides that persons who serve as directors or officers of the Company are entitled indemnification of attorneys fees incurred by them in connection with civil or criminal proceedings to which they are or may be parties by reason of actions taken as a director or officer, whether they are a director or officer at the time of incurring said attorneys fees. (Ex. 2)

15. As of January 2003, the Company had three wholly owned subsidiaries: West Coast Land Investments, Thesaurus Fine Arts, and Dow Elco.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 4
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

...

16. On January 27, 2003, $350,000.00 in funds from Dow Elco, a wholly owned subsidiary, was deposited by check in the Company's Bank of America corporate checking account. (Ex. 31)

17. At the time, Linda Su, Ronald Cheung, Cecile Cheung, Arthur Circo, and Annie Su were the only authorized signatories on that account. (Ex. 54 and Ex. 55)

18. On January 31, 2003, Arthur Circo, an authorized signatory on the Company's Bank of America corporate checking account, attempted to wire transfer $350,000 to the account of Imperial West, Inc. at a bank in Hong Kong.

19. As of March 18, 1991, an agreement had been entered between Imperial West, Inc. and the Company providing for a loan facility of $12 million. (Ex. 29)

20. The purpose of the attempted wire transfer by Arthur Circo on January 31, 2003 was to make a payment to Imperial West, Inc. on behalf of the Company.

21. Previous loan payments had been made by the Company to Imperial West Inc. (Exs. 185 & 186).

22. This loan between the Company and Imperial West has been reflected as a liability in the company's federal tax returns from at least July of 1994 through June of 2003. (Ex. 117-125)

23. In May 2003, Linda Su of the Company and Karin Beard and Cheryl Roberts of DeCaro & Roberts, the Company's accountants, emailed one another regarding discrepancies and confusion in how loan payments to Imperial West were being accounted for in the Company's books. (Ex. 185 & 186). The confusion was thereafter resolved to their satisfaction.

24. In the morning of February 5, 2003, various officials from the Internal Revenue Service, including Revenue Officer Mike Kolpack and Special Agent Mary "Molly"

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 5
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Mahoney, met to discuss a potential jeopardy assessment against Dr. Cheung and whether to levy against him and the Company.

25. At the meeting of the IRS officials on February 5, 2003, the determination was made to make a jeopardy assessment against Dr. Cheung for his 1993 individual federal income taxes in the amount of $1,397,079.00 and a further determination was made that the funds in the Bank of America corporate checking account were being held by the Company as "nominee" for Dr. Cheung.

26. Officer Kolpack testified that he was "not aware of any" specific evidence that Dr. Cheung directed any of his family members to send money out of the Bank of America account.

27. The Internal Revenue Manual contains express provisions addressing the determination of nominee liens and alter ego liens. (Ex. 44) These provisions were not consulted by Officer Kolpack or Special Agent Mahoney prior to the February 5, 2003 meeting.

28. The jeopardy assessment and related liens and levies were not related to the tax returns of Linda Su, Cecile Cheung, Ronald Cheung, or the Company for 1993.

29. Revenue Officer Kolpack had been assigned to the matter on February 5, 2003, the same day the assessment and nominee levy decisions were made. (Ex. 127)

30. In Revenue Officer Kolpack's experience with other levies, the IRS takes several months to complete its investigation and subsequent "nominee" or "alter ego" determinations.

31. In Revenue Officer Kolpack's view, the tax assessment on February 5, 2003 effectively created a lien on the Company's property, regardless of whether written liens got properly recorded.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 6
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

32. On February 5, 2003, the IRS issued and served a Notice of Jeopardy Levy and Right of Appeal on Steven N.S. Cheung, Inc. as nominee of Steven N.S. Cheung at the residence of Dr. Cheung and Linda Su.  (Ex. 37)

33. Officer Kolpack testified that the IRS did not consider nor approve a levy based on the concept of "alter ego".

34. The IRS subsequently received $353,575.93 from the Bank of America corporate checking account on March 31, 2003.  (Ex. 157) (Ex. 127, pp. US135-6)

35. Dr. Cheung did not have control or beneficial ownership of the funds in the Company's Bank of America corporate checking account when they were seized.

36. Later in February 2003, IRS Special Agent Mahoney confirmed information that Dr. Cheung and the Company had investment accounts at Smith Barney.

37. On February 20, 2003, the IRS prepared a notice of nominee levy to Smith Barney, covering the personal retirement account of Dr. Cheung, and the Company's corporate investment account there.  (Ex. 73, Ex. 75)  Service occurred on February 27, 2003. (Ex. 75; Ex. 127, p. US132)

38. At the time of the Smith Barney seizure, the IRS knew that "unfortunately" Dr. Cheung was not an authorized signatory on the Company's corporate investment account. (Ex. 127).

39. At the time of the Smith Barney seizure, the IRS did not have any specific information about Dr. Cheung making any withdrawals from, or deposits to, the Company's corporate investment account.

40. Cecile Cheung, Ronald Cheung, and Linda Su were the only authorized representatives of the Company to take actions on the Smith Barney corporate investment account as of February 20, 2003.  (Ex. 104)

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 7
Case No. CV04-2050 RSM

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\51898\00001\DJL\DJL_P229T

41\. On February 21, 2003, Special Agent Molly Mahoney faxed IRS Agent, Michael Kolpack, account documentation for accounts at Smith Barney, including the Company's corporate investment account, showing Linda Su, Cecile Cheung, and Ronald Cheung as the only "Authorized Persons" to trade on the account. (Ex. 76)

42\. At the time that the Company's Smith Barney corporate investment account was seized, there was no evidence of any effort to move the funds out of the Company's corporate investment account.

43\. A group meeting of IRS officials was held on February 27, 2003 to approve the levy on the Smith Barney accounts, and the IRS subsequently received $69,365.00 from Dr. Cheung's personal retirement account and $708,985.00 from the Company's corporate investment account on April 11, 2003. (Ex. 127, p. US138)

44\. On February 27, 2003, another Notice of Jeopardy Levy and Right of Appeal was issued and served on the Company as nominee of Dr. Cheung. (Ex 74)

45\. Dr. Cheung did not have control or beneficial ownership of the funds in the Company's Smith Barney corporate Investment Account when they were seized.

46\. Officer Kolpack testified that he did not know anyone in the Government that had any knowledge or facts showing Dr. Cheung's continued control over the Company after the Company changed its officers and directors.

47\. Subsequent to the Smith Barney levy, Revenue Officer Kolpack searched for other liened assets of the Company to seize, including real property, to satisfy the balance of the jeopardy assessment.

48\. On March 3, 2003, a notice signed by the Territory Manager of the IRS was addressed to and served on the Company, as the nominee of Dr. Cheung, stating that a levy has been issued "to collect the amount you owe", which notice also included two attached

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 8
Case No. CV04-2050 RSM

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

"Statements of Information" reflecting the IRS' alleged bases for making the nominee levy on the Company. (Ex. 67)

49. As one of the steps toward liquidation of the Company's real property, Officer Kolpack assembled ownership and title information about the Company's real property and informed Allen Bentley and Robert McCallum, acting as counsel for the Company, that he would use any and all means to collect the remainder of the assessment from those assets.

50. As a step in the process of liquidating the Company's real property to satisfy the balance of the assessment against Dr. Cheung, Officer Kolpack acquired detailed information about the real property assets of the Company's subsidiary, West Coast Land Investments. (Ex. 80, 81 & 82)

51. Attorneys Allen Bentley, Robert McCallum, and later William Shannahan, discussed with Revenue Officer Kolpack the possibility of the Company paying the rest of the assessment in lieu of continued levy efforts against the remaining property of the Company, including forced sale of Company properties. (Ex. 127)

52. Pursuant to a letter dated May 8, 2003, Mr. Shannahan arranged for a check in the amount of $372,012.83 to be delivered by Robert McCallum, on behalf of the Company to Revenue Officer Kolpack which satisfied the remainder of the assessment against Dr. Cheung as of May 12, 2003. (Ex. 87)

53. This payment was not "voluntary"; rather it was made pursuant to the Government's levy efforts.

54. There was no evidence adduced that the $372,012.83 in funds for the check arranged (and forwarded) by Mr. Shannahan came from Dr. Cheung or any person or entity under his control.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 9
Case No. CV04-2050 RSM

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

55. The loan from Morley Su to the Company to fund the $372,012.83 check arranged by Mr. Shannahan was fully paid back out of the Company's corporate checking account at Washington Mutual on August 26, 2003. (Ex. 135)

56. Dr. Cheung did not have control or beneficial ownership of the funds from which the check arranged by Mr. Shannahan were drawn at the time it was received and cashed by the Government.

57. The Government has failed to prove, by substantial evidence or a preponderance of the evidence, a nexus between the Company's Bank of America corporate checking account which was levied upon and Dr. Cheung.

58. The Government has failed to prove, by substantial evidence or a preponderance of the evidence, a nexus between the Company's Smith Barney corporate investment account which was levied upon and Dr. Cheung.

59. The Government has failed to prove, by substantial evidence or a preponderance of the evidence, a nexus between the check arranged by William Shannahan to the IRS and Dr. Cheung.

## CONCLUSIONS OF LAW[3]

1. The Company has standing to pursue it claims.

2. The levy on the Company's Bank of America corporate checking account was wrongful, and plaintiff is entitled to recover $353,575.93 with interest from March 31, 2003.

3. The levy of the Company's Smith Barney corporate investment account was wrongful, and plaintiff is entitled to recover $708,985.00 with interest from April 11, 2003.

---

[3] To the extent that any Conclusion of Law is more properly characterized as a Finding of Fact, the Court adopts it as such. To the extent that any Finding of Fact is more properly characterized as a Conclusion of Law, the Court adopts it as such.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 10
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

4.     The levy as to the check awarded and forwarded by William Shannahan was wrongful, and plaintiff is entitled to recover $372,012.83 with interest from May 12, 2003.

**ORDER**

It is the Order of this Court that judgment is hereby awarded to plaintiff Steven N.S. Cheung, Inc. against the defendant United States of America in the amount of $1,434,573.76 plus interest as provided by law.

The Plaintiff may file for an award for taxable costs within twenty (20) days of the entry of this Order.

Said judgment to be entered accordingly.

A hearing will be set hereafter to determine whether the Company is entitled to any additional recovery from the Government based on 26 U.S.C. § 7426(a) or 26 U.S.C. § 7430, or both, and, if necessary, to determine the appropriate computation of interest on the principal amount of the judgment.

IT IS HERBY ORDERED this _24_ day of October, 2006.

                                            RICARDO S. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE

Presented by:

PRESTON GATES & ELLIS LLP

By /s David J. Lenci
    David J. Lenci, WSBA # 7688
    Michael K. Ryan, WSBA # 32091
Attorneys for Plaintiff

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 11
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 | Steven N.S. Cheung Inc.

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 12
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Agreed as to Form, Approved for Entry;
Notice of Presentation Waived:

John McKay
UNITED STATES ATTORNEY
Robert P. Brouillard
Assistant U.S. Attorney - Western District of Washington
U.S. Department of Justice
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

By /s W. Carl Hankla
   W. Carl Hankla
   Justin S. Kim
Trial Attorneys, U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, DC 20044-0683
Phone: (202) 307-6448
Fax:   (202) 307-0054
w.carl.hankla@usdoj.gov

PLAINTIFF'S PROPOSED ADDITIONAL
FINDINGS OF FACT AND CONCLUSIONS
OF LAW AND ORDER AND JUDGMENT - 13
Case No. CV04-2050 RSM

K:\51898\00001\DJL\DJL_P229T

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022