UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN N.S. CHEUNG, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. C04-2050RSM <br><br> ORDER DETERMINING INTEREST RATE APPLICABLE TO JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Motion to Determine Proper Interest Rate Applicable to Judgment. (Dkt. #141). Plaintiff argues that the correct interest rate under the statute is the Federal short term rate plus two percentage points. Plaintiff further argues that the exception for overpayment of taxes, which would reduce the interest rate to the Federal short term rate plus 0.5 percentage points on all but the first $10,000 of the judgment, is not applicable in this case. Defendant argues that the statute deems the judgment to be an overpayment, and, therefore, the proper interest rate is the short term rate plus two percentage points on the first $10,000, and then the short term rate plus 0.5 percentage points on the

ORDER
PAGE - 1

remainder of the judgment.[1]  For the reasons set forth below, the Court disagrees with defendant and now determines that the appropriate interest rate is that proposed by plaintiff.

## II.  DISCUSSION

### A.  Background

Plaintiff, Steven N.S. Cheung, Inc., is a Washington State corporation.  In late January of 2003, the United States issued a jeopardy assessment against Steven Cheung, an individual, for income tax liability for the calendar year 1993.  Defendant then levied property of plaintiff, on the grounds that it was the nominee of Mr. Cheung.  After defendant had levied funds from accounts at Bank of America and Salomon Smith Barney ("Smith Barney"), plaintiff requested a final payoff amount for Mr. Cheung's tax debt and subsequently paid the amount due.  Plaintiff then filed a request for an administrative hearing for the unlawful seizure of its property on October 31, 2003.  However, the United States denied that request, asserting that Cheung, Inc. had no right to any administrative hearings.  As a result, plaintiff filed the instant wrongful levy suit.

On October 24, 2006, following motions for summary judgment and a three-day bench trial, this Court granted plaintiff's motion for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c), finding that a wrongful tax levy had occurred.  The Court then entered judgment in the amount of $1,434,573.76 against defendant, plus interest as provided by law.  The parties now dispute what interest rate is applicable.  The parties do not dispute the time period during which the interest rate applies, nor do they dispute that the applicable interest rate applies until the judgment is paid in full.

### B.  Applicable Interest Rate

Section 7426 of the Internal Revenue Code provides that "[i]nterest shall be allowed at

---

[1] This appears to be a question of first impression in this Court and in the Ninth Circuit.  However, at least two other federal district courts in other circuits have concluded that the correct interest rate is the short term rate plus two percentage points as further discussed below.

ORDER
PAGE - 2

the overpayment rate established under section 6621 [26 USCS § 6621]. . . ".  26 U.S.C. § 7426(g).  Section 6621 provides:

> Determination of rate of interest.
>
> (a) General rule.
>
> (1) Overpayment rate. The overpayment rate established under this section shall be the sum of–
>
> (A) the Federal short-term rate determined under subsection (b), plus
>
> (B) 3 percentage points (2 percentage points in the case of a corporation).
>
> To the extent that an overpayment of tax by a corporation for any taxable period (as defined in subsection (c)(3), applied by substituting 'overpayment' for 'underpayment') exceeds $ 10,000, subparagraph (B) shall be applied by substituting "0.5 percentage point" for "2 percentage points".

26 U.S.C. § 6621(a)(1) (quotations and parentheticals in original).  Plaintiff argues that this statute unambiguously states that the applicable interest rate is the Federal short term rate plus two percentage points, and that the exception for overpayment by a corporation does not apply because this case involved a wrongful tax levy, not an overpayment of tax.  The Court agrees with plaintiff.

While defendant argues that this statute has "deemed" an unlawful tax levy judgment to be an "overpayment," that is not what the statute says.  Indeed, the statute merely "allows" interest on the judgment at the overpayment rate.  If Congress had intended a wrongful tax levy judgment to be deemed an overpayment, it certainly could have used that language.  It did not, and there is nothing indicating that such interpretation was intended.  Thus, the Court must plainly apply the statutory language as written.  Doing so, the Court finds that the general rule applies, not the exception, as plaintiff did not "overpay" its taxes.  Although no court appears to have analyzed this question, at least two other federal district courts in other circuits have concluded the same.  *Carter v. United States*, 216 F. Supp.2d 700, 709 (W. D. Tenn. 2002); *Lamb v. United States*, 779 F. Supp. 116, 119 n. 3 (W. D. Ark. 1991), *rev'd on other grounds*,

977 F.2d 1296 (8th Cir. 1992).  Accordingly, the Court grants plaintiff's motion.

## III. CONCLUSION

Having reviewed plaintiff's motion for determination of applicable interest rate, defendant's response, plaintiff's reply, and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiff's Motion to Determine Applicable Interest Rate (Dkt. #141) is GRANTED. Plaintiff is hereby awarded $314,278.80 in interest through October 24, 2006, the date that this Court entered judgment against the Government.  Plaintiff is further awarded additional interest at a *per diem* rate of $383.31 from October 24, 2006 onward, which may be subject to change based upon the Federal short term rate at the time judgment is actually paid by the Government.

(2) The Clerk shall send a copy of this Order to all counsel of record.

DATED this 5th day of January, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE